UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LISA G. MILLER,                                  )
                                                 )
                            Plaintiff,            )
                                                 )
            v.                                    )        No. 1:26-cv-01369-SEB-TAB
                                                 )
GEORGE TAYLOR, et al.,                           )
                                                 )
                            Defendants.           )

## ORDER

Plaintiff Lisa G. Miller, who is proceeding *pro se*, has filed a Complaint [Dkt. 1]

without prepaying the filing fee.  This Order addresses Plaintiff's Motion to Proceed *In

Forma Pauperis* [Dkt. 2], as well as screens and dismisses her Complaint.

### Motion to Proceed *In Forma Pauperis*

Plaintiff's motion to proceed *in forma pauperis* [Dkt. 2] is <u>GRANTED</u>.  28 U.S.C.

§ 1915(e).  While *in forma pauperis* status allows the plaintiff to proceed without *pre*-

payment of the filing fee, the plaintiff remains liable for the full fees.  *Robbins v. Switzer*,

104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs

and must pay when they are able.").  No payment is due at this time.

### Screening the Complaint Under 28 U.S.C. § 1915

When a plaintiff is allowed to proceed *in forma pauperis*, the Court has an

obligation to ensure that her complaint is legally sufficient.  28 U.S.C. § 1915(e)(2)(B).

The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim

on which relief may be granted or seeks monetary relief against a defendant who is

1

immune from such relief.  *Id.*  Dismissal under this statute involves an exercise of the

Court's discretion.  *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).  In determining

whether the complaint states a claim, the Court applies the same standard as when

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See*

*Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal under

federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to
> state a claim to relief that is plausible on its face.  A claim has facial
> plausibility when the plaintiff pleads factual content that allows the court to
> draw the reasonable inference that the defendant is liable for the
> misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).  Stated

differently, it is not enough for a plaintiff to say that she has been illegally harmed. She

must also state enough facts in her complaint for the Court to infer the possible ways in

which the named defendants could be held liable for the harm alleged.

Thus "a plaintiff must do better than putting a few words on paper that, in the

hands of an imaginative reader, *might* suggest that something has happened to her that

might be redressed by the law."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.

2010) (emphasis in original).  *Pro se* complaints such as that filed by Plaintiff are

construed liberally and held "to a less stringent standard than formal pleadings drafted by

lawyers."  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation

omitted).

Here, Ms. Miller has brought this action against Defendants George Taylor and Lillian Lynn Taylor as Trustees of Taylor Trust,[1] to "challenge, enjoin, and void an upcoming, procedurally defective, and fraudulent Sheriff's Sale scheduled to take place against Plaintiff's home." Dkt. 1 at 2. Ms. Miller alleges that the June 8, 2026 state court order permitting the Sheriff's Sale to proceed was issued without jurisdiction because she had previously removed the case to federal court. Ms. Miller seeks an order staying the Sheriff's Sale and an order of judgment against Defendants "for the value of the property in amount of 180,000.00 and damages occurred 50,000.00, totaling 230,000.00 along with other relief this court deems just and proper." Dkt. 1 at 3. Ms. Miller has not identified the date the sale is scheduled to take place, nor have we been able to determine the sale date from publicly available records.

Under the *Rooker-Feldman* doctrine,[2] federal district courts do not have jurisdiction to overturn state-court rulings. *Gilbank v. Wood Cnty. Dep't of Human Servs.*, 111 F.4th 754, 766 (7th Cir. 2024). Thus, to the extent that Ms. Miller requests that the Court halt the Sheriff's Sale, we cannot provide such relief. Granting Ms. Miller that relief "would invalidate the state court decisions [she] appears to be challenging, which is 'precisely what is forbidden by *Rooker-Feldman*.'" *Browning v. Nationstar Mortgage*

---

[1] In the body of her complaint, Ms. Miller states that "[t]he Sheriff of RUSH Co. is named in their [sic] official capacity as the state official tasked with executing the upcoming wrongful Sheriff's sale," but does not list the Rush County Sheriff as a defendant in the caption of her complaint. Dkt. 1 at 2.

[2] The doctrine is named after two Supreme Court cases that applied it. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*LLC*, No. 1:25-cv-01472-JPH-KMB, 2025 WL 2300337, at *1 (S.D. Ind. July 24, 2025) (quoting *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900–901 (7th Cir. 2010)). Because we have no jurisdiction to declare the foreclosure void or otherwise overturn the state-court foreclosure proceeding and the order granting the Preacipe for Sheriff's Sale, Ms. Miller can pursue this relief only in the state courts.

Ms. Miller also seeks a monetary judgment against Defendants "for the value of the property in amount of 180,000.00 and damages occurred 50,000.00, totaling 230,000.00 along with other relief this court deems just and proper." Dkt. 1 at 3. The Seventh Circuit has held that the *Rooker-Feldman* doctrine generally does not bar "a plaintiff's federal claims for money damages for injuries inflicted by a state-court judgment," *Muhammad v. Lone Star Funds*, No. 24-1730, 2024 WL 4986851, at *2 (7th Cir. Dec. 5, 2024) (citing *Gilbank*, 111 F.4th at 754), because "awarding damages usually does not affect a state court judgment not sounding in monetary terms." *Gilbank*, 111 F.4th at 792. However, the *Gilbank* Court "recognized an exception for damages that would 'nullify or modify the [state-court] judgment,' citing as an example a plaintiff who received a [monetary] foreclosure judgment and then sought actual and punitive damages in federal court for alleged legal violations during the foreclosure proceeding." *Evans v. Carrington Mort. Servs., LLC*, No. 24-cv-553-jdp, 2025 WL 2772249, at *1 (W.D. Wis. Sept. 26, 2025) (quoting *Gilbank*, 111 F.4th at 795). The monetary relief that Ms. Miller seeks here is "compensation for the financial loss [she] suffered due to the foreclosure," which "form of relief would nullify the state-court judgment, so the court lacks

jurisdiction under the *Rooker-Feldman* doctrine" over Ms. Miller's claims that challenge the foreclosure proceedings. *Id.* at *2.

To the extent that Ms. Miller purports to allege injuries and seek any relief for independent harms apart from the state court's order for sale itself which would not be subject to dismissal under the *Rooker-Feldman* doctrine, no such claim has been adequately pleaded. Ms. Miller alleges only that the state court did not have jurisdiction at the time it entered its June 8, 2026 Order for Sale because she had previously removed the case to federal court. However, we can and do take judicial notice of the Court's docket in *Miller v. Taylor, et al.*, 1:26-cv-00508-JPH-CSW, which shows that, although Ms. Miller purported to remove the state court case, on April 1, 2026, the federal court ordered the clerk to re-docket Ms. Miller's federal case as a new civil complaint. Dkt. 17. Accordingly, there was no "mandatory automatic stay of all state court proceedings" on the date the state court's order was issued as Ms. Miller alleges in this lawsuit. Dkt. 1 at 2. As such, Ms. Miller's complaint fails to state a claim upon which relief could be granted and therefore cannot survive dismissal.

For these reasons, Ms. Miller's amended complaint is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction and failure to state a claim. All other pending motions are DENIED AS MOOT. Ms. Miller shall have **through July 24, 2026**, in which to show cause why judgment consistent with this Order should not issue. *See Leuvano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case

could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

IT IS SO ORDERED.

Date: _____7/10/2026_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LISA G. MILLER
601 N. Morgan St.
Rushville, IN 46173